**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARCO PATRICIO MAIGUA TOAZO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00729-DB** |
| | § | |
| **PAMELA BONDI***, et al.,* | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On March 26, 2026, the Court

received advisories from both parties, ECF Nos. 10, 11. Respondents advise

> On March 23, 2026, a bond hearing was to take place but said hearing was reset because Petitioner's habeas counsel, who were not counsel of record before EOIR, had not appeared. Exh. A (March 23 Order). On March 25, 2026, Petitioner's habeas counsel had official substituted in and a hearing was held. The immigration judge denied finding petitioner was a flight risk. Exh. B (March 25 Order).

ECF No. 10 at 1. On the other hand, Petitioner's counsel advises

> First, a bond determination was not made on March 23, 2026, as this Court ordered. *See* Dkt. 9 at 4. While a bond hearing was held that day, the Federal Respondents provided no notice whatsoever to Petitioner's undersigned counsel that the hearing would be occurring. The immigration court declined to make a bond determination at the March 23rd hearing because Petitioner's undersigned counsel was not present. Petitioner's counsel did not learn of the hearing until after it had concluded. Second, at the hearing conducted on March 25, 2026, the immigration court did not hold the Government to its burden of justifying by clear and convincing evidence the dangerousness or flight risk for Petitioner's continued detention as this Court ordered. *See* Dkt. 9 at 4. In fact, counsel for the Government did not even speak during the bond hearing. The immigration court unilaterally determined that it did not believe Petitioner would succeed on his asylum claim, which remains pending and has not yet been adjudicated, and then ruled that for this reason, Petitioner is automatically a flight risk. The

immigration court provided no other reason for its decision, as its order reflects. *See* Dkt. 10-2.

ECF No. 11 at 1.

Accordingly, **IT IS HEREBY ORDERED** that **by no later than March 30, 2026,** Respondents **EITHER** (1) **SHALL FILE** a notice affirming to this Court that the March 25, 2026 bond hearing on the merits by Immigration Judge Michael Pleters was held in accordance with this Court's March 18, 2026, order, ECF No. 9, specifically to "provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention," *and* provide a transcript or recording of the proceedings, **OR** (2) **IMMEDIETELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order herein **no later than March 31, 2026**.

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**I IT IS FINALLY ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than April 2, 2026.**

**SIGNED** this **27th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**